[No. 13756-5-I.   Division One.   January 7, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. THEODORE JOHN HARRIS, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gerald A. Smith, Deputy,* for respondent.

DURHAM, J.—Theodore John Harris appeals from the denial of his petition requesting final discharge from Western State Hospital. Harris argues that because the length of his commitment exceeded the maximum term of imprisonment for the crimes with which he was charged, he is entitled to final discharge.

On July 11, 1977, Harris was charged by information

with one count of possession of stolen property in the second degree and one count of forgery. On August 3, 1977, Harris filed a motion for acquittal by reason of insanity, and an order of acquittal was entered on June 12, 1978. The court also entered an order conditionally releasing Harris to a group home.

On August 2, 1978, the court granted a defense motion for an order committing Harris to Western State Hospital for observation. Based upon a report submitted by Western State staff members, an order revoking the conditional release and committing Harris to Western State was entered on September 25, 1978. On January 20, 1981, the court again entered an order of conditional release. However, on February 4, 1982, Harris was again committed to Western State following a determination that he had violated the conditions of his release. On March 5, 1982, an order modifying the January 20 order of conditional release was entered. On June 2, 1982, an agreed order was entered committing Harris to Western State, but Harris was again conditionally released on July 13, 1982. On April 22, 1983, Harris was again committed to Western State. On May 20, 1983, Harris filed a petition for final discharge that was denied following a hearing.

The sole issue on appeal is one of statutory construction. Harris argues that he was entitled to final discharge pursuant to RCW 10.77.020(3), which states:

> Whenever any person has been committed under any provision of this chapter, or ordered to undergo alternative treatment following his acquittal of a crime charged by reason of insanity, *such commitment or treatment cannot exceed the maximum possible penal sentence for any offense charged for which he was acquitted by reason of insanity.* If at the end of that period the person has not been finally discharged and is still in need of commitment or treatment, civil commitment proceedings may be instituted, if appropriate.

(Italics ours.) Harris' position is that because both offenses for which he was charged carried a possible sentence of 5

years,[1] the maximum period for which he could be confined in a mental institution or subjected to less restrictive conditions was also 5 years. The State asserts that RCW 10.77.020(3) permits commitment for a period equal to that which would have been served had consecutive sentences been imposed, or 10 years.

██ ██ Harris contends that RCW 10.77.020(3) unambiguously refers to "any offense" in the singular. We disagree. Washington courts have repeatedly construed the word "any" to mean "every" and "all". *See, e.g., State ex rel. Evans v. Brotherhood of Friends,* 41 Wn.2d 133, 247 P.2d 787 (1952); *Rowland Constr. Co. v. Beall Pipe & Tank Corp.,* 14 Wn. App. 297, 306–07, 540 P.2d 912 (1975). We are unpersuaded that the statutory language itself resolves the issue now before us. Under these circumstances, our primary role "is to determine the intent of the Legislature and to give effect to that intent." *Human Rights Comm'n v. Cheney Sch. Dist. 30,* 97 Wn.2d 118, 121, 641 P.2d 163 (1982).

Unfortunately, the legislative history of RCW 10.77-.020(3) also fails to clarify the Legislature's intent. In asserting that commitment may not exceed the maximum penal sentence, including consecutive sentences, the State principally relies upon the following colloquy from the February 6, 1974 minutes of the House Judiciary Committee concerning amendments to RCW 10.77:

*Rep. Smith:* What if we strike the law [*sic*] two words, "or institutions"?

*Ms. Taber:* I would hate to see that done at this time.

*Rep. Eikenberry:* Why did they drop mental disease and go to "insanity"?

*Ms. Taber:* Originally, I think the idea was to set up a test for insanity but the idea was dropped due to the shortness of the session. I think the language should remain as is, keeping in mind that a definition would be picked up at a later time.

---

[1]Both forgery and possession of stolen property in the second degree are class C felonies. RCW 9A.56.160(2); RCW 9A.60.020(2). Class C felonies carry a maximum 5-year prison term. RCW 9A.20.020(1)(c).

*Rep. Smith:* There is one other major point which I wish someone would address themselves to and that is the U.S. Supreme Court case, *"Jackson v. Indiana".*

*Ms. Taber:* I think that case indicates that you cannot hold someone who is competent to stand trial for an extended period of time. *Jackson* addresses itself to the fact that somebody cannot be held until more than a reasonable period of time as incompetent and this he would not be held. *Jackson* addresses itself to the time that he is held in a mental institution and indicates this cannot be an indefinite period of time.

*Ms. Schillberg:* Maybe I can explain. Under this criminal insanity, he is out.

*Rep. Smith:* But he then can be commit[t]ed at the end of that six months' period civilly. He can remain indefinitely, and the statutes of limitations would never hold and then he becomes competent to stand trial. *I think in order to meet Jackson v. Indiana this should be tied into the length of time he would have served if convicted of a felony.*

(Italics ours.)

In *Jackson v. Indiana,* 406 U.S. 715, 32 L. Ed. 2d 435, 92 S. Ct. 1845 (1972), the Supreme Court held simply that a criminal defendant found incompetent to stand trial cannot be committed *indefinitely* absent a finding of dangerousness. The State asserts that the Legislature misinterpreted *Jackson* to limit the permissible length of commitment to the maximum penal term that could have been imposed upon conviction. Although it does appear that RCW 10.77-.020(3) was enacted in response to *Jackson,* the most that can be said is that the Legislature sought to tie the commitment period in some way to the maximum penal sentence. Nothing in the materials cited by the State suggests that the Legislature even considered the situation in which two or more offenses were charged. Accordingly, we cannot accept the State's contention that the ambiguity present in the statute is resolved by its legislative history.

When legislative history fails to provide sufficient guidance, the court is forced to rely upon the only other rule applicable in these circumstances: the so-called rule of

lenity. This rule provides that a statutory ambiguity in a criminal case should be resolved in favor of the defendant. *State ex rel. McDonald v. Whatcom Cy. Dist. Court,* 92 Wn.2d 35, 37–38, 593 P.2d 546 (1979). The State contends that this rule does not apply because this is a "civil" proceeding that is merely ancillary to the underlying criminal charges. This argument ignores the fact that a similar rule of construction applies generally to statutes that involve a deprivation of liberty. *See, e.g., In re Cross,* 99 Wn.2d 373, 379, 662 P.2d 828 (1983); *In re Carson,* 84 Wn.2d 969, 973, 530 P.2d 331 (1975). Obviously, RCW 10.77.020(3) is such a statute.

Although we are reluctant to base our decision upon a mere rule of statutory construction, we are compelled to reverse in view of the inartful drafting[2] of RCW 10.77-.020(3) and the absence of relevant legislative history. Therefore, the case is remanded for entry of an order granting Harris' petition for final discharge.

SCHOLFIELD, A.C.J., and WILLIAMS, J., concur.

Review denied by Supreme Court April 5, 1985.

---

[2]We note that if the Legislature intended to allow a maximum period of commitment based upon consecutive sentences, it could have so provided in the statute. *See People v. Hampton,* 121 Ill. App. 3d 273, 459 N.E.2d 985, 987 (1983). For example, the California counterpart to RCW 10.77.020(3) expressly states that the maximum term of commitment is the largest sentence that could have been imposed upon conviction, including any additional terms for enhancements and consecutive sentences. *See People v. Smith,* ___ Cal. App. 3d ___, 207 Cal. Rptr. 134, 135 (1984).