[No. 12397–5–II.  Division Two.  February 13, 1990.]

JONG CHOON LEE, *Appellant,* v. R. DARRELL HAMILTON, *Respondent.*

*Patricia J. Arthur* and *Robert A. Stalker* of *Evergreen Legal Services,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Jeffrey A.O. Freimund, Assistant,* for respondent.

PETRICH, J.—The issue we are asked to resolve is whether a person who is acquitted of a crime by reason of insanity and then committed to a hospital for treatment because of his condition, is entitled to credit against the maximum term of his commitment for hospitalization incurred prior to his acquittal. We reverse, holding that such a person is entitled to such credit.

On June 27, 1983, Jong Choon Lee was charged with the crime of taking a motor vehicle without permission, a violation of RCW 9A.56.070(1). On the same day, he was arraigned and transferred to Western State Hospital (WSH) for an evaluation of his competency to stand trial and of his sanity at the time of the alleged offense. The trial court later ordered his continued commitment pursuant to RCW 10.77.090(1). On October 17, 1983, Lee was acquitted of the crime charged by reason of insanity and

committed to the Mentally Ill Offender Unit at WSH under RCW 10.77.110.[1]

Lee filed a petition for a writ of habeas corpus on September 23, 1988. At that time, he had been committed to WSH for 5 years and almost 3 months, including the time he spent at WSH before his acquittal. He argued that he had been committed over the statutory maximum time for which he could be committed under RCW 10.77.020(3). After a hearing, the trial court denied the petition.

Lee contends that under RCW 10.77.020(3), he should get credit against his maximum term of commitment for the period of time he spent committed preceding his acquittal. The Attorney General argues that such credit is not authorized by RCW 10.77.020(3) and that the maximum period of commitment should run from the date of acquittal.

■ At the outset, we are confronted with the question of whether this case should be dismissed because of mootness. The detention which is the subject of this appeal has expired under either party's interpretation of RCW 10.77-.020(3); Lee has since been civilly committed. Because the court cannot provide Lee with an effective remedy, this case is moot. *See In re Cross*, 99 Wn.2d 373, 377, 662 P.2d 828 (1983).

■ An appellate court may review a moot case when matters of continuing and substantial public interest are

---

[1]RCW 10.77.110, as it read in 1983, provides in part:

"If a defendant is acquitted of a felony by reason of insanity, and it is found that he is not a substantial danger to other persons, and does not present a substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court or other persons or institutions, the court shall direct the defendant's final discharge. If it is found that such defendant is a substantial danger to other persons, or presents a substantial likelihood of committing felonious acts jeopardizing public safety or security unless kept under further control by the court or other persons or institutions, the court shall order his hospitalization, or any appropriate alternative treatment less restrictive than detention in a state mental hospital, pursuant to the terms of this chapter."

involved. *Hart v. Department of Social & Health Servs.*, 111 Wn.2d 445, 447, 759 P.2d 1206 (1988); *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972). To determine whether an appeal presents a matter of continuing and substantial public interest, the court must consider the following criteria: (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. *Hart,* 111 Wn.2d at 448. The *Hart* court cautioned that actual application of the foregoing criteria is necessary to "ensure that an actual benefit to the public interest in reviewing a moot case outweighs the harm from an essentially advisory opinion." 111 Wn.2d at 450.

We have carefully considered the above criteria and believe there are compelling reasons to address the issue presented in this appeal.

Whether Lee should receive credit against his maximum period of commitment for the time he was committed preceding his judgment of acquittal may be resolved under the plain language of RCW 10.77.020(3).

RCW 10.77.020(3) provides as follows:

> Whenever any person has been committed under any provision of this chapter, or ordered to undergo alternative treatment following his acquittal of a crime charged by reason of insanity, such commitment or treatment cannot exceed the maximum possible penal sentence for any offense charged for which he was acquitted by reason of insanity. If at the end of that period the person has not been finally discharged and is still in need of commitment or treatment, civil commitment proceedings may be instituted, if appropriate.

██ The portion of RCW 10.77.020(3) applicable to Lee states that "[w]henever any person has been committed under *any provision of this chapter* . . . such commitment . . . cannot exceed the maximum possible penal sentence for any offense charged for which he was acquitted

by reason of insanity." (Italics ours.) There are four provisions of RCW 10.77 that authorize a defendant's commitment, two of which may be imposed prior to judgment.[2] Because RCW 10.77.020(3) refers to commitment "under any provision of this chapter," it embraces preacquittal commitment. *See State v. Harris*, 39 Wn. App. 460, 463, 693 P.2d 750 (1985) ("Washington courts have repeatedly construed the word 'any' to mean 'every' and 'all'.).

We disagree with the Attorney General's contention that the language at the end of the first sentence, "for which he was acquitted by reason of insanity," RCW 10.77.020(3), limits the statute's application to postacquittal commitment time. Rather, we believe that language simply indicates that the application of the provision is triggered upon a defendant's acquittal. Moreover, the time restraints placed on preacquittal commitments authorized by RCW 10.77.060(1) and RCW 10.77.090(1) do not preclude the imposition of a maximum period for all commitments under the chapter as specified in RCW 10.77.020(3).

The maximum sentence for taking a motor vehicle without permission, a class C felony, RCW 9A.56.070(2), is 5 years, RCW 9A.20.021(1)(c). Failure to credit Lee's maximum term of commitment with the time he had spent at

---

[2]The first provision, RCW 10.77.060(1), provides that when a defendant has pleaded not guilty by reason of insanity or there is reason to doubt his competency, the court may order his commitment for a period of time, not to exceed 15 days, for the purpose of examination. The second provision, RCW 10.77.090(1), provides that if the court finds the defendant is incompetent after examination, the court may commit the defendant for evaluation and treatment until he has regained competency, but for no longer than 90 days. After a hearing, the court may extend the commitment for an additional 90 days, and under certain circumstances, for an additional 6 months after that. RCW 10.77.090(2), (3). The third provision, RCW 10.77.110, as it read in 1983, provides that if a defendant is acquitted of a felony by reason of insanity and it is found that he "is a substantial danger to other persons, or presents substantial likelihood of committing felonious acts jeopardizing public safety or security, unless kept under further control by the court . . . the court shall order his hospitalization . . . pursuant to the terms of this chapter." This statute also provides for the temporary custody of a defendant acquitted of a crime that is not a felony. RCW 10.77.110. The fourth provision, RCW 10.77.190(3), provides for the revocation of a person's conditional release and subsequent commitment.

WSH preceding his acquittal resulted in him being committed under the criminal insanity statute longer than authorized by our interpretation of RCW 10.77.020(3). The trial court therefore erred by denying Lee's petition for a writ of habeas corpus.

In review of our disposition of this case, it is unnecessary to address Lee's equal protection and due process claims.

The trial court's judgment is reversed.

ALEXANDER, C.J., and WORSWICK, J., concur.