IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86393-2-I |
| Respondent, | DIVISION ONE |
| v. | |
| SHARLES FLETCHER, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, J. — The State charged Sharles Fletcher with first and second degree malicious mischief in November 2013. In December 2013, the court found Fletcher incompetent to stand trial and committed him to Western State Hospital to undergo a 45-day restoration period. In June 2014, the court found Fletcher competent to proceed to trial. He subsequently moved for an acquittal by reason of insanity. The court granted his motion and ordered civil commitment with a maximum release date of July 2024.

Fletcher was conditionally released in February 2017. In February 2024, Fletcher moved for credit for time served, seeking unconditional release and credit for the days he spent in custody before his civil commitment. The court denied his motion. Fletcher was unconditionally released on his maximum release date. Fletcher appeals, contending he should have been credited for time served prior to his commitment.

We find the issue to be moot, the law is clear, and no authoritative determination is necessary to provide further guidance to public officers; accordingly, we dismiss.

## FACTS

On November 13, 2013, the State charged Sharles Fletcher with two counts of first degree malicious mischief and one count of second degree malicious mischief. Fletcher's arraignment was continued twice because he refused to appear and he was awaiting a competency evaluation. On December 23, 2013, the court ordered a competency evaluation for Fletcher to take place at the King County Jail. On December 26, 2013, the court found Fletcher to be incompetent and ordered him to Western State Hospital for a 45-day restoration. Fletcher remained at the King County Jail until Department of Social and Health Services (DSHS) moved him to Western State Hospital on January 23, 2014.

On January 31, 2014, Fletcher returned to the jail for a *Sell*[1] hearing to determine whether Western State could involuntarily medicate him.[2] The court granted the motion and moved Fletcher back to Western State on February 14, 2014, to finish out the remainder of his restoration period. DSHS conducted an evaluation of Fletcher on March 17, 2014, and determined he was able to

---

[1] *Sell v. United States*, 539 U.S. 166, 123 S. Ct. 2174, 156 L. Ed. 197 (2003).

[2] In rare circumstances, an individual may be medicated against their will to regain competency for trial. *State v. Mosteller*, 162 Wn. App 418, 424-25, 254 P.3d 201 (2011). Before a court can order involuntary medication, it must consider certain factors, known as the *Sell* factors. *Id.* (citing *Sell*, 539 U.S. at 180-81).

understand the charges against him and had the ability to assist counsel in the preparation of his defense. Accordingly, DSHS recommended Fletcher return to court to resume adjudication of his pending criminal case.

Fletcher returned to the King County Jail on March 20, 2014, and on June 9, 2014, the court deemed him competent to proceed to trial. Fletcher moved to acquit by reason of insanity under RCW 10.77.080. On October 8, 2014, the court found Fletcher not guilty by reason of insanity (NGRI) and ordered him to the custody of DSHS to obtain treatment. Fletcher returned to Western State on October 14, 2014, and remained there under various conditions until he was unconditionally released to the community in July 2019.

In February 2024, Fletcher requested the court give him credit for time served prior to his acquittal. In his motion, Fletcher claimed his maximum release date, July 13, 2024, was miscalculated. This date was calculated by adding 10 years, the maximum possible sentence for first-degree malicious mischief, to the date of the NGRI finding, October 8, 2014, and subtracting the 87 days he was detained for a competency evaluation and committed to Western State for competency restoration. The time period when Fletcher returned to the King County Jail for the *Sell* hearing was included as well, because Fletcher was still under the applicable restoration order at that time. Fletcher claimed he should have been credited for the entire 202 days he spent in custody before he was committed. The court disagreed with Fletcher and denied his motion.

Fletcher appeals.

3

ANALYSIS

Mootness

Fletcher admits the issue is moot because his maximum release date has already passed, but contends the issue is of continuing and substantial public interest. The State argues the issue is clear and does not require further guidance. We agree with the State.

Generally, this court will not review a case when the issue is moot. *In re Det. of M.K.*, 168 Wn. App. 621, 625, 279 P.3d 897 (2012). An issue is moot when "this court can no longer provide effective relief." *M.K.*, 168 Wn. at 625. But, even when an issue is moot, this court may accept review if the case presents an issue of continuing and substantial public interest. *In re Marriage of Horner*, 151 Wn.2d 884, 891, 93 P.3d 124 (2004). To determine whether an issue is of continuing and substantial public interest, the court considers three factors: " '(1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur.' " *Horner*, 151 Wn.2d at 892 (internal quotation marks omitted) (quoting *Westerman v. Cary*, 125 Wn.2d 277, 286-87, 892 P.2d 277 (1994)).

Here, the trial court released Fletcher to the community and this court can provide no further effective relief. The case also does not present an issue of continuing and substantial public interest. First, the matter concerns fact-specific determinations and is more private than public. *See e.g.*, *State v. Allen*, No. 71606-9-1, slip op. at 3 (Wash. Ct. App. Apr. 27, 2015) (unpublished),

4

https://www.courts.wa.gov/opinions/pdf/716069.pdf (declining to consider a moot question of whether appellant was entitled to time served pre-commitment). Additionally, even if the issue is likely to recur, an authoritative determination by this court is not necessary because the statute is clear on its face and this court has already addressed the exact issue Fletcher appeals. *See State v. Phillips*, No. 39857-9-III (Wash. Ct. App. Jan. 30, 2025), https://www.courts.wa.gov/opinions/pdf/398579_pub.pdf.

Even if the issue were not moot, RCW 10.77.025(1) only provides credit for time served under chapter 10.77, for the reasons discussed below.

<u>RCW 10.77.025</u>

Fletcher claims RCW 10.77.025(1) allows credit for all time served prior to a finding of not guilty by reason of insanity. The State contends only time served under chapter 10.77 RCW is credited. The State is correct.

This court reviews questions of statutory interpretation de novo. *State v. Keller*, 2 Wn.3d 887, 910, 545 P.3d 790 (2024). The primary objective of statutory interpretation is to discern and implement the legislature's intent. *Keller*, 2 Wn.3d at 910. If a statute is clear on its face, we must give effect to that plain meaning. *Keller*, 2 Wn.3d at 910. But, if a statute is ambiguous, we " 'may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent.' " *Jametsky v. Olsen*, 179 Wn.2d 756, 762, 317 P.3d 1003 (2014) (quoting *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007)). "A statute is ambiguous only if it can be reasonably interpreted in more than one way, not merely because other possible

5

interpretations exist." *Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 158 Wn. 2d 342, 354, 144 P.3d 276 (2006). If a statute is ambiguous, the "rule of lenity" requires courts to interpret the statute in favor of the defendant absent legislative intent to the contrary. *State v. Breaux*, 167 Wn. App. 166, 175-76, 273 P.3d 447 (2012).

If an individual is acquitted of a crime by reason of insanity and is found to be "a substantial danger to other persons, or presents a substantial likelihood of committing criminal acts," the court shall order hospitalization or another appropriate treatment. RCW 10.77.110(1). When an individual is hospitalized or committed to treatment under chapter 10.77 RCW, they are subject to a maximum term of commitment. RCW 10.77.025.

> Whenever any person has been: (a) Committed to a correctional facility or inpatient treatment under any provision of this chapter; or (b) ordered to undergo alternative treatment following his or her acquittal by reason of insanity of a crime charged, such commitment or treatment cannot exceed the maximum possible penal sentence for any offense charged for which the person was committed, or was acquitted by reason of insanity.

RCW 10.77.025(1).

Here, Fletcher contends he should be credited for all time served prior to the court's finding of NGRI, not just the time he was committed under the provisions of ch. 10.77 RCW. Fletcher relies on *State v. Harris*, 39 Wn. App. 460, 693 P.2d 750 (1985); *In re Pers. Restraint of Kolocotronis*, 99 Wn.2d 147, 660 P.2d 731 (1983); and *Lee v. Hamilton*, 56 Wn. App. 880, 785 P.2d 1156 (1990) for his argument, but these cases are distinguishable. As Fletcher correctly notes, all three cases stand for

6

the proposition that the maximum possible penal sentence must be tied to the commitment period in some way. But none of the cases support a finding that *all* time served prior to a finding of NGRI should be credited.

Fletcher claims any other interpretation would infringe upon his due process rights. Fletcher cites to various criminal cases and RCW 9.94A.505(6)[3], but these sources are not applicable. While a criminal defendant must be credited with pretrial incarceration, the legislature has not made a similar exception for acquitted individuals. *See Phillips*, slip op. at 11.

The recent holding in *Phillips* directly supports the State's position that the plain language of the statute regulates only the total amount of time a person can be confined under chapter 10.77 RCW. The situation in *Phillips* is almost identical to the issues raised by Fletcher. Earl Phillips was arrested in March 2017 for burglary and assault. *Phillips*, *s*lip op. at 3. In May, the court ordered a competency evaluation and the report was filed 13 days later. *Id.* In August, the court found Phillips not guilty by reason of insanity and ordered his commitment to DSHS. *Id.* DSHS informed the court Phillip's maximum sentence was August, 14, 2027—ten years from the date of Phillip's NGRI plea. *Id.* at 4.

---

[3] RCW 9.94A.505 pertains to persons convicted of a felony. Subsection six states, "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced." RCW 9.94A.505(6).

Phillips moved for the court to credit him time toward his maximum sentence. *Id.* Phillip requested he be credited for the 164 days he spent in jail before his NGRI plea and subsequent transfer to DSHS. *Id.* at 4-5. The court analyzed the statute now at issue, RCW 10.77.025(1), and held Phillips should be credited for the 13 days he was detained for the competency evaluation under RCW 10.77, but not the remaining 151 days he spent in jail. *Id.* at 12.

The court addressed the same issues Fletcher raises now. The court recognized the distinction between defendants entering a guilty plea who are credited with pretrial incarceration, and an individual acquitted of their crimes, who is not given the same credit. *Id.* at 11. The court noted, "[T]he legislature may distinguish between a criminal sentence after conviction and a commitment to a mental health hospital for treatment after an NGRI because the legislature wishes to insure sufficient treatment before release to the community." *Id.* The court also addressed the *Lee* case and noted that *Lee* embraces time served for pre-acquittal commitment, but "[t]he legislature has not extended this credit to time spent in jail not related to a competency evaluation." *Id.*

*Phillips*, as well as the plain language of RCW 10.77.025(1), support the conclusion that only time served under chapter 10.77 RCW is credited.

Because we cannot provide effective relief and the issue had already been sufficiently addressed, we dismiss the case as moot.

WE CONCUR: