

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2015 JUN -8 AM 9: 21

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71799-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC MATTHEW HOPPER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: June 8, 2015 |
| | ) | |

VERELLEN, A.C.J. — Eric Hopper was convicted of one count of commercial sexual abuse of a minor. In a prosecution for commercial sexual abuse of a minor, it is an affirmative defense "that at the time of the offense, the defendant made a reasonable bona fide attempt to ascertain the true age of the minor by requiring production of a driver's license, marriage license, birth certificate, or other governmental or educational identification card or paper and did not rely solely on the oral allegations or apparent age of the minor."[1] The defendant's burden of proof is a mere preponderance of the evidence.

During closing argument at trial here, the prosecutor argued that Hopper "has to prove to you that it's more likely than not, 51%, that you believe that that's what happened."[2] Defense counsel neither objected nor requested a curative instruction.

---

[1] RCW 9.68A.110(3).

[2] Report of Proceedings (RP) (Jan. 29, 2014) at 282.

Hopper first contends he was denied a fair trial because the more probably than not true preponderance standard is satisfied by any evidence, however slight, above 50 percent and the prosecutor overstated the burden of proof for his affirmative defense. But in this setting, a prosecutor's passing reference to the more probably than not true standard as 51 percent is not misconduct. Additionally, Hopper did not object at trial and fails to show here that the prosecutor's conduct was so flagrant and ill-intentioned that an instruction would not have remedied any prejudice.

Hopper also raises an ineffective assistance of counsel claim for his counsel's failure to object and request a curative instruction for the prosecutor's burden of proof argument in closing. But his counsel's choice to address the prosecutor's argument in closing rather than with an objection was tactical, and Hopper fails to show that an objection would likely have been sustained.

Hopper contends, and the State concedes, that the sentencing condition that he abide by a nighttime curfew is not crime related and is therefore improper. We accept the State's concession.

We affirm Hopper's conviction, but remand to strike the improper sentencing condition.

### FACTS

Hopper responded to an online advertisement of a 19-year-old woman "with the intent of setting up sex" and agreed to pay $250 for intercourse.[3] The individual

---

[3] RP (Jan. 28, 2014) at 240.

2

depicted in the advertisement was actually 16 years old. She arrived at Hopper's house and had intercourse with Hopper. Shortly after, Hopper asked the victim how old she was. Hopper appeared "[n]onchalant" and "didn't mind it" when she told him that she was 19 years old.[4] The victim testified that Hopper did not ask her for any identification and that she did not bring any identification with her to the sexual encounter. Hopper paid the victim $250.

Hopper testified to his version of events. He met the victim near his apartment. Because she appeared "young" and "inexperienced," he asked to see her identification.[5] The victim showed Hopper what appeared to be a Washington State identification card. The victim's birthdate on the identification reflected that she was 21 years old. Hopper did not view the photograph or name on the identification card. Hopper questioned the victim about the age discrepancy because the advertisement listed her as 19 years old and her identification listed her as 21 years old. The victim responded that "some guys like younger girls."[6] Hopper believed that the website he contacted "was required to collect identification for the people who advertised" and had no reason to believe that the victim's identification was fake.[7]

The State charged Hopper with one count of commercial sexual abuse of a minor. At trial, Hopper raised the affirmative defense that he had made a reasonable

---

[4] Id. at 166.

[5] Id. at 232.

[6] Id. at 253.

[7] Id. at 254.

bona fide attempt to ascertain the victim's true age by requiring the production of her identification. The jury convicted Hopper as charged.

Hopper appeals.

## ANALYSIS

### *Prosecutorial Misconduct*

Hopper contends the prosecutor committed misconduct in closing by arguing that the burden of proof for his affirmative defense was 51 percent. We disagree.

To prevail on a prosecutorial misconduct claim, "a defendant must show the conduct was both improper and prejudicial in the context of the entire record and circumstances at trial."[8] If a defendant fails to object at trial, we consider any error waived "unless the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured" any resulting prejudice.[9] The defendant must show that "'no curative instruction would have obviated any prejudicial effect on the jury'" and "the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'"[10]

In closing argument, the prosecutor argued:

> [W]hat the legislature also said is that we don't want to punish those people who are legitimately or affirmatively tricked into this. So it says it's a defense if at the time of the offense, the Defendant made a reasonable bona fide effort to determine the true age by requiring some kind of document, and did not rely solely on the oral representations of the girl or her apparent age.

---

[8] State v. Thompson, 169 Wn. App. 436, 495, 290 P.3d 996 (2012).

[9] State v. Emery, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012).

[10] Id. at 761 (quoting State v. Thorgerson, 172 Wn.2d 438, 455, 258 P.3d 43 (2011)).

Now the interesting thing about this is that the legislature has decided that this is his burden. Okay? It's my burden to prove the crime beyond a reasonable doubt. But once he raises this argument, it's his burden. *And he has to prove to you that it's more likely than not, 51%, that you believe that that's what happened.*[11]

Hopper did not object or request a curative instruction.

Defense counsel then addressed the preponderance of the evidence standard

in closing:

The narrow question is have we proven—[the prosecutor] had this right. Have we proven, by a preponderance—by a preponderance of the evidence, which is more likely than not—okay, so you have even scales—any amount of evidence that changes the scales, that side wins. Have we presented, by a preponderance of evidence, that an [identification card] was shown?[12]

Defense counsel further argued that the preponderance of the evidence standard "is

a very low standard"[13] and "even a feather's weight . . . tips the scales."[14]

The pertinent jury instruction stated:

Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is *more probably true than not true.* If you find that the defendant has established this defense, it will be your duty to return a verdict of not guilty as to the charge of commercial sexual abuse of a minor.[15]

The jury was also instructed to "disregard any remark, statement, or argument" by the

lawyers "not supported by the evidence or the law" in the instructions.[16]

---

[11] RP (Jan. 29, 2014) at 282 (emphasis added).

[12] RP (Jan. 29, 2014) at 297.

[13] Id. at 298.

[14] Id. at 300.

[15] Clerk's Papers (CP) at 25 (emphasis added).

[16] CP at 15.

Hopper does not apply the proper standard of review. We do not review the prosecutor's comment "in isolation, but in the context of the total argument, the issues in the case, the evidence, and the instructions given to the jury."[17] The context of the prosecutor's argument here reflects that the prosecutor did not attempt to overstate Hopper's burden of proof or to mislead the jury. Immediately before the prosecutor's 51 percent comment, the prosecutor emphasized that Hopper's preponderance of the evidence standard required him to prove that it was more likely than not that the victim showed him an identification card.

Hopper cites no compelling authority that the prosecutor here committed misconduct when he articulated Hopper's burden of proof for his affirmative defense as "more likely than not, 51 percent." Washington courts have not addressed whether 51 percent properly expresses the mere preponderance standard for affirmative defenses in the criminal arena. But other courts have endorsed this formulation.[18] In the context of the prosecutor's closing argument, we view the

---

[17] State v. Warren, 165 Wn.2d 17, 28, 195 P.3d 940 (2008).

[18] In re OCA, Inc., 551 F.3d 359, 372 n.41 (5th Cir. 2008) (defining the preponderance of the evidence standard as 51 percent); Bittner v. Borne Chem. Co., Inc., 691 F.2d 134, 136 (3d Cir. 1982) (same); Nat'l Lime Ass'n v. Envtl. Prot. Agency, 627 F.2d 416, 453 n.139 (D.C. Cir. 1980) ("[T]he standard of ordinary civil litigation, a preponderance of the evidence, demands only 51% certainty."); United States v. Banks, ___ F. Supp. 3d ___, 2015 WL 751953, at *12 (D. Kan. 2015) ("[A] party proves a fact by the preponderance if it establishes a 51% or greater likelihood that the factual claim is true."); Swearingen v. State, 303 S.W.3d 728, 736 (Tex. Crim. App. 2010) ("[A]ppellant cannot show by a preponderance of the evidence, or that there is a 51% chance, that he would not have been convicted."); State v. Rizzo, 266 Conn. 171, 204, 833 A.2d 363 (2003) (defining the mere preponderance standard as 51 percent); Bianchi v. Kufoy, 53 So.3d 530, 534 (La. Ct. App. 2010) ("[T]he plaintiff's burden is not to prove her case beyond all doubt or even beyond a reasonable doubt, but merely by a preponderance of the evidence, or 51%."); Bryant v. State, 374 Md. 585, 614, 824 A.2d 60 (2003) ("[W]e view the use of '51 percent' by the sentencing

reference to 51 percent as a shorthand approximation of the more probably than not true preponderance standard, not any quantitative assertion that 50.9 percent or less would be deficient.

Even if the prosecutor's comment was improper here, Hopper has not demonstrated that the misconduct was so flagrant and ill-intentioned that an instruction would not have cured any resulting prejudice. For example, in State v. Warren, the prosecutor in closing argument "undermine[d] the State's burden of proof"[19] by arguing that "reasonable doubt does not mean . . . that you give the defendant the benefit of the doubt."[20] Because defense counsel objected and the trial court gave a curative instruction, Warren concluded that even when a prosecutor blatantly misstates the State's burden of proof, any resulting prejudice can be cured by an instruction.[21]

Hopper relies on State v. Fleming to argue that a prosecutor's comment that misstates the burden of proof may require reversal.[22] But Fleming is distinguishable. In Fleming, the prosecutor committed misconduct because the prosecutor's argument in closing—that the jury could only acquit the defendant if it found the victim was lying

---

judge as merely illustrative of the slight tilt to one side of the scale that is required to find that that side outweighs the other in a preponderance of the evidence analysis."); see also Allison Morse, *Social Science in the Courtroom: Expert Testimony and Battered Women*, 21 HAMLINE L. REV. 287, 317 (1998) ("[I]n a civil trial[,] the burden of proof is merely the preponderance of the evidence, typically viewed as 51% certainty.").

[19] Warren, 165 Wn.2d at 27.

[20] Id. at 25.

[21] Id. at 28.

[22] 83 Wn. App. 209, 921 P.2d 1076 (1996).

or confused—"misstated the law and misrepresented both the role of the jury and the burden of proof."[23] Fleming determined that the prosecutor's argument was "flagrant and ill-intentioned" because binding precedent, published before Fleming's trial, clearly established the impropriety of such arguments.[24] Additionally, the prosecutor made comments that infringed directly on the defendant's right against self-incrimination. Fleming thus reversed the defendant's convictions because the prosecutor's misconduct was not harmless beyond a reasonable doubt.

But here, the constitutional harmless error standard does not apply because the prosecutor's comments did not misstate the burden of proof and did not directly infringe upon a constitutional right. The proper test when a prosecutor's comment misstates the burden of proof but does not infringe directly upon a constitutional right is whether an instruction could have cured any prejudice.[25] A timely objection and instruction here could have cured any prejudice.

Finally, contrary to Hopper's contentions, the 51 percent mere preponderance standard is not "more akin" to a "clear preponderance" standard. He provides no compelling authority supporting this proposition. The prosecutor's statement was consistent with the jury instructions and the law. Hopper must establish that the

---

[23] Id. at 213.

[24] Id. at 214.

[25] Emery, 174 Wn.2d at 757-59 (holding that a timely objection and instruction could have cured any prejudice stemming from a prosecutor's improper comments); Warren, 165 Wn.2d at 26-28 (holding that any error from the prosecutor's misstatement of the burden of proof and presumption of innocence did not result in incurable prejudice).

8

elements of his affirmative defense are "more probably true than not true."[26]

Therefore, Hopper fails to show that the prosecutor's comment was improper or there

is a substantial likelihood that it affected the verdict.

*Ineffective Assistance of Counsel*

Hopper contends his defense counsel provided ineffective assistance when he

failed to object to the prosecutor's burden of proof argument in closing or request a

curative instruction. We disagree.

We review an ineffective assistance of counsel claim de novo.[27] To prevail,

the defendant must show that counsel's representation was deficient and that the

deficient performance prejudiced the defendant.[28] We are highly deferential to

counsel's performance.[29] We presume counsel is effective and give particular

deference to strategic or tactical decisions.[30]

"The decision of when or whether to object is a classic example of trial

tactics."[31] Lawyers often fail to object during closing arguments, "'absent egregious

misstatements.'"[32] Failing to object during closing is generally "within the wide range

---

[26] Mohr v. Grant, 153 Wn.2d 812, 822, 108 P.3d 768 (2005); CP at 25 ("Preponderance of the evidence means that you must be persuaded, considering all the evidence in the case, that it is more probably true than not true.").

[27] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

[28] State v. Humphries, 181 Wn.2d 708, 719-20, 336 P.3d 1121 (2014).

[29] In re Pers. Restraint of Gomez, 180 Wn.2d 337, 348, 325 P.3d 142 (2014).

[30] Id. at 348, 356.

[31] State v. Madison, 53 Wn. App. 754, 763, 770 P.2d 662 (1989).

[32] In re Pers. Restraint of Davis, 152 Wn.2d 647, 717, 101 P.3d 1 (2004) (quoting United States v. Necoechea, 986 F.2d 1273, 1281 (9th Cir.1993)).

of permissible professional legal conduct."[33] "Only in egregious circumstances . . . will the failure to object constitute incompetence of counsel justifying reversal."[34]

Hopper's counsel was not ineffective for failing to object to the prosecutor's burden of proof argument in closing. Hopper's counsel chose to respond to the prosecutor's argument rather than to object. In closing, Hopper's counsel urged the jury to focus on the "narrow" or "central" question:

> The narrow question is have we proven—[the prosecutor] had this right. Have we proven, by a preponderance—by a preponderance of the evidence, which is more likely than not—okay, so you have even scales—any amount of evidence that changes the scales, that side wins. Have we presented, by a preponderance of evidence, that an [identification card] was shown? . . . .
>
> But the central question is by a preponderance of the evidence, have we proven that an [identification card] was shown[?][35]

Defense counsel further argued that the preponderance of the evidence standard "is a very low standard"[36] and "even a feather's weight . . . tips the scales."[37] His counsel's choice to address the State's argument in closing rather than with an objection was tactical. His performance was not deficient.

Alternatively, "[w]here a claim of ineffective assistance of counsel rests on trial counsel's failure to object, a defendant must show that an objection would likely have been sustained."[38] Hopper fails to show that the prosecutor's argument was

---

[33] Id.

[34] State v. Madison, 53 Wn. App. 754, 763, 770 P.2d 662 (1989).

[35] RP (Jan. 29, 2014) at 297.

[36] Id. at 298.

[37] Id. at 300.

[38] State v. Fortun–Cebada, 158 Wn. App. 158, 172, 241 P.3d 800 (2010).

improper and warranted an objection. The jury was also instructed to "disregard any remark, statement, or argument" by the lawyers "not supported by the evidence or the law" in the instructions.[39] We presume the jury follows the trial court's instructions.[40] Consequently, Hopper's ineffective assistance claim fails.

*Curfew Restriction*

Lastly, Hopper contends, and the State concedes, that his sentencing condition requiring him to abide by a nighttime curfew is not crime-related and therefore improper. We accept the State's concession and remand to strike the improper sentencing condition.

The trial court may require the defendant to "[c]omply with any crime-related prohibitions."[41] A crime-related prohibition is an order "prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted."[42] No evidence suggests that the curfew restriction relates to the circumstances of Hopper's offense. Therefore, we accept the State's concession and remand to strike this sentencing condition.

*Statement of Additional Grounds*

Lastly, Hopper raises several arguments in his statement of additional grounds, none of which have merit. He contends that text messages recovered from the victim's pimp's phone used as evidence at trial violate Washington's Privacy Act,

---

[39] CP at 15.

[40] State v. Stein, 144 Wn.2d 236, 247, 27 P.3d 184 (2001).

[41] RCW 9.94A.703(3)(f).

[42] RCW 9.94A.030(10).

RCW 9.73.030. But the privacy act expressly permits the interception of conversations as "part of a bona fide criminal investigation" for commercial sexual abuse of a minor.[43]

Hopper's facial challenge to the constitutionality of RCW 9.68A.110(3) and his cruel and unusual punishment argument are both illogical and fail for lack of any supporting authority.[44]

## CONCLUSION

We affirm Hopper's conviction, but remand to strike the improper sentencing condition.

WE CONCUR:

_____

Cox, J.

_____

Appelwick, J.

---

[43] RCW 9.73.230(1).

[44] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).