IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32659-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE LUIS NIEVES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

Brown, J. — Jose Luis Nieves appeals the imposition of discretionary legal

financial obligations (LFOs) by the Grant County Superior Court at his resentencing for

convictions of first degree assault, intimidating a public servant, drive-by shooting, and

unlawful possession of a firearm. The case facts are explained in this court's opinion

reversing three intimidation convictions and need not be restated because they are not

relevant to this appeal. *See State v. Nieves*, unpublished opinion no. 30340-3-III, noted at

2013 WL 1908319 (Wa. Ct. App. 2013). Mr. Nieves contends (1) the trial court failed to

make an individualized determination of his present and future ability to pay, and (2) his

defense counsel provided ineffective assistance by failing to object to the LFOs. Because

Mr. Nieves did not raise the LFO issue before the trial court at sentencing or at

resentencing, we exercise our discretion under RAP 2.5(a) and decline to address his first

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32659-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE LUIS NIEVES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

Brown, J. — Jose Luis Nieves appeals the imposition of discretionary legal

financial obligations (LFOs) by the Grant County Superior Court at his resentencing for

convictions of first degree assault, intimidating a public servant, drive-by shooting, and

unlawful possession of a firearm. The case facts are explained in this court's opinion

reversing three intimidation convictions and need not be restated because they are not

relevant to this appeal. *See State v. Nieves*, unpublished opinion no. 30340-3-III, noted at

2013 WL 1908319 (Wa. Ct. App. 2013). Mr. Nieves contends (1) the trial court failed to

make an individualized determination of his present and future ability to pay, and (2) his

defense counsel provided ineffective assistance by failing to object to the LFOs. Because

Mr. Nieves did not raise the LFO issue before the trial court at sentencing or at

resentencing, we exercise our discretion under RAP 2.5(a) and decline to address his first

contention, and conclude Mr. Nieves fails to establish ineffective assistance of counsel. Accordingly, we affirm.

## FACTS

Without objection or discussion, the trial court originally imposed the following LFOs: victim assessment ($500), criminal filing fee ($200), sheriff service fees ($183), court appointed attorney fees ($500), and DNA[1] collection fee ($100), for a total of $1,523. On remand, the State elected to dismiss the intimidation charges. Mr. Nieves was resentenced on the remaining convictions. Again, neither party nor the trial court mentioned the LFOs at resentencing. As in the first judgment and sentence, the amended judgment and sentence contained boilerplate findings on Mr. Nieves's ability to pay the financial obligations:

> The court has considered the total amount owing, the defendant's past, present, and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. The court finds . . . [t]hat the defendant has the ability or likely future ability to pay the legal financial obligations imposed herein.

Clerk's Papers at 93. The trial court imposed identical LFOs in the amended judgment and sentence, except that it deleted the $500 fee for the court appointed attorney. The amended total for the LFOs was $1,023.

---

[1] Deoxyribonucleic acid.

2

## A. Discretionary LFOs

For the first time on appeal, Mr. Nieves contends the trial court violated RCW 10.01.160(3) when it ordered him to pay discretionary LFOs without considering his present or likely future ability to pay.[2] RCW 10.01.160(3) states the court "shall not order a defendant to pay costs unless the defendant is or will be able to pay them." The court must take into account the financial resources of the defendant and the burden of the costs. RCW 10.01.160(3). Each judge must "conduct a case-by-case analysis and arrive at an LFO order appropriate to the individual defendant's circumstances." *State v. Blazina*, 182 Wn.2d 827, 834, 344 P.3d 680 (2015). Our record shows the trial court did not address Mr. Nieves' financial resources before imposing the LFOs.

Mr. Nieves did not, however, challenge the imposition of the discretionary LFOs at his first sentencing or his resentencing hearings. In *Blazina*, 182 Wn.2d at 833, the Washington Supreme Court held that RAP 2.5(a) grants appellate courts discretion

---

[2] Mr. Nieves contends the discretionary LFOs include the $183 sheriff service fees, the $40 prosecutor reimbursement fee, and the $100 DNA collection fee. The $100 DNA collection fee, however, is not a discretionary fee. Under RCW 43.43.7541, payment of a $100 DNA collection fee is mandatory for every adult or juvenile convicted of a felony or certain other offenses. Although a sentencing court may waive collection of DNA for a felon who already has a sample at the Washington state patrol crime lab, it may not waive the DNA collection fee. *See* RCW 43.43.754(2); RCW 43.43.7541. This court's mistaken reference in a footnote in the prior appeal to the trial court's discretion in imposing the DNA collection fee was clearly erroneous. *See Nieves*, 2013 WL 1908319, at *2 n.4. Thus, the trial court actually ordered Mr. Nieves to pay $223 in discretionary LFOs.

3

whether to review a defendant's LFO challenge raised for the first time on appeal. In deciding whether to review the new error, we partly weigh the administrative burden and expense of bringing Mr. Nieves to a new sentencing hearing and the need for judicial efficiency. Considering Mr. Nieves can assert his objections to the minimal discretionary LFO assessments at a later sentencing condition review hearing before collection and the unlikely change of the imposed discretionary assessments, we decline his invitation for us to reverse and remand the imposition of discretionary LFOs amounting to $223. We therefore exercise our discretion under RAP 2.5(a) and decide not to review this issue for the first time on appeal.

## B. Ineffective Assistance of Counsel

Mr. Nieves contends his trial counsel provided ineffective assistance of counsel by failing to challenge the LFOs. Citing *Blazina*, 182 Wn.2d at 835, he argues the erroneous imposition of LFOs makes more difficult his reentering society.

To prove ineffective assistance of counsel, Mr. Nieves must show with a preponderance of the evidence his counsel's performance fell below an objective standard of reasonableness and this deficiency actually prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Prejudice occurs if a reasonable probability exists that, but for the deficient performance, the outcome of the

trial would have been different. *McFarland*, 127 Wn.2d at 335. We strongly presume counsel provided effective assistance. *State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991). We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

Mr. Nieves fails to show either deficient performance or prejudice. In *State v. Duncan*, 180 Wn. App. 245, 250, 327 P.3d 699 (2014), this court discussed defendant's reasonable strategy at sentencing to present themselves in the best light: it is an "unsurprising fact that many defendants do not make an effort at sentencing to suggest to the sentencing court that they are, and will remain, unproductive." Mr. Nieves was 22 years old at the time of his amended sentencing, unemployed, and indigent. He offers no evidence showing he had any disability preventing him from working after his release from confinement. On this record, it is unlikely the trial court would have reduced his discretionary fees further. Notably, the court deleted the $500 fee it had imposed in the original sentence for the court appointed attorney. He does not show his counsel's failure to object to $233 of discretionary LFOs was objectively unreasonable or the results of the proceeding would have been different if he had objected. Thus, we reject his claim of ineffective assistance of counsel.

Affirmed.

No. 32659-4-III
*State v. Nieves*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____        _____
Siddoway, C.J.                                          Korsmo, J.

6