# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 74853-0-I
    Respondent, )
) DIVISION ONE
    v. )
) UNPUBLISHED OPINION
JOHN LEELAND HALE, )
)
    Appellant. ) FILED: June 12, 2017
)

APPELWICK, J. — Hale was convicted of one count of domestic violence felony violation of a court order. He argues that the trial court erred in denying his motion to sever charges. He contends counsel's failure to renew this motion constituted ineffective assistance. We affirm.

## FACTS

John Hale was charged with four counts of domestic violence felony violation of a court order. Count one pertained to a January 13, 2014 violation, count two to a March 6, 2014 violation, count three to a May 6, 2015 violation, and count 4 to a May 11, 2015 violation.

Hale moved to sever the charges. He asked that count one and count two be severed from each other and from the other offenses. Hale grouped counts three and four together in the motion to sever.

Before the court could decide the motion to sever, the State moved to dismiss count one. The court granted the motion to dismiss count one.

The court heard argument on the motion to sever count two from counts three and four. Hale argued that the State's case on counts three and four was much stronger than its case on count two. Hale contended that the danger with trying count two with the other counts was that the jury could infer from the strong evidence on counts three and four that Hale also committed the acts charged in count two. The trial court denied the motion to sever, because all three counts involved a similar course of conduct, and there would be no undue prejudice to Hale by trying them together.

The State amended the information to dismiss count two. Consequently, the May 6, 2015 violation became count one, and the May 11, 2015 violation became count two.[1]

Hale did not again move to sever. The case went to trial. The jury found Hale guilty on count one, but could not reach a unanimous decision on count two. The State decided not to re-try count two, and the court dismissed the count. Hale appeals his conviction on count one.

---

[1] For the remainder of this opinion, we refer to the counts that went to trial as counts one and two, except when discussing Hale's motion to sever, which was made before the first two counts were dismissed.

## DISCUSSION

Hale argues that the trial court abused its discretion in denying his motion to sever the charges. He asserts that counsel's failure to renew the motion was ineffective assistance of counsel.

### I.   Motion to Sever

We review a trial court's decision on a motion to sever charges for a manifest abuse of discretion. State v. Kalakosky, 121 Wn.2d 525, 537, 852 P.2d 1064 (1993). The defendant bears the burden of demonstrating that the court abused its discretion in refusing to sever charges. State v. Russell, 125 Wn.2d 24, 63, 882 P.2d 747 (1994).

CrR 4.3(a) permits two or more offenses of a similar nature to be joined in a single trial. But, a defendant may move to sever offenses joined under CrR 4.3(a). CrR 4.4(a). A defendant seeking to sever offenses has the burden of demonstrating that a trial involving all counts would be so manifestly prejudicial as to outweigh the concern for judicial economy. State v. Huynh, 175 Wn. App. 896, 908, 307 P.3d 788 (2013). Under CrR 4.4(a), a defendant must move to sever offenses before trial, unless the interests of justice require otherwise. If the defendant's pretrial motion for severance was overruled, the defendant must renew the motion before or at the close of evidence. CrR 4.4(a)(2). The defendant waives severance by failing to renew the motion. Id.

In his motion to sever, Hale argued that counts one and two should be severed from each other and from the other two counts. He did not argue that

counts three and four, the ones that went to trial, should be severed from each other. At oral argument on the motion, Hale explicitly acknowledged that the State's case on count two was weaker than the case for counts three and four. Hale argued that because the jury might use evidence from counts three and four to infer guilt on count two, the court should sever count two from counts three and four. The motion was denied, and Hale never renewed any motion to sever.

We conclude that Hale has waived this severance argument. Below, Hale did not argue that the counts that ultimately went to trial should be severed from each other. He did not renew any motion to sever before or at the close of evidence. We therefore decline to address this argument.

## II.    Ineffective Assistance of Counsel

Hale also argues that counsel's failure to renew the motion to sever constituted ineffective assistance of counsel.[2] He contends that there was no strategic reason not to renew the motion, and that the outcome of separate trials would have been different.

To demonstrate ineffective assistance of counsel, a defendant must show both that defense counsel's performance was deficient and that this deficient representation was prejudicial. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). We presume counsel's representation was effective. Id. at 335.

---

[2] Hale does not explicitly argue that counsel's initial failure to move to sever the charges that ultimately went to trial constituted ineffective assistance of counsel. But, given our conclusion that the failure to make the motion waived the severance argument on appeal, we interpret Hale's ineffective assistance argument as assigning error to counsel's failure to make the proper motion as well as the failure to renew the motion.

To establish that counsel was ineffective by failing to move to sever charges, Hale must first establish that a severance motion would likely have been granted. State v. Sutherby, 165 Wn.2d 870, 884, 204 P.3d 916 (2009). Then, he must demonstrate that, had severance been granted, there is a reasonable probability that the outcome of separate trials would have been different. See id. at 884. In deciding whether to sever charges to avoid prejudice, a court looks at "(1) the strength of the State's evidence on each count; (2) the clarity of defenses as to each count; (3) court instructions to the jury to consider each count separately; and (4) the admissibility of evidence of the other charges even if not joined for trial." Russell, 125 Wn.2d at 63.

Here, Hale argues that severance would have been granted, because the State's evidence was stronger on count one than on count two, his defenses on the two counts were different, and evidence of one count would not have been admissible at a separate trial on the other count. The implication from this argument is that the jury could have used evidence from count one, the stronger case, to find guilt or infer a criminal disposition on count two, the weaker case. See id. at 62-63 (noting that joinder may relate in prejudice if a single trial invites the jury to cumulate evidence to find guilt or infer a criminal disposition). Under this argument, joinder of the charges could have prejudiced Hale's right to a fair trial on count two.

But, the jury could not reach a unanimous verdict on count two. This count was ultimately dismissed. Hale was convicted on only count one, the count for

which he concedes the State's evidence was strong. Any error in failing to move to sever or renew such a motion was not prejudicial, because Hale was not convicted of the count for which joinder could have prejudiced him. Therefore, Hale cannot meet his burden to establish ineffective assistance of counsel.

We affirm.

WE CONCUR:

Trickey, ACJ