

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 JUL 24 AM 9: 31

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,  )
                                )     No. 74804-1-I
         Respondent,    )
                                )     DIVISION ONE
       v.                  )
                                )
JAY ADAM SPEAR,        )     UNPUBLISHED OPINION
                                )
        Appellant.      )     FILED: July 24, 2017
_____ )

BECKER, J. — Appellant Jay Spear, convicted of child rape and child molestation against his daughter and niece, contends the trial court erred in denying his request to sever the charges. He also challenges the admission of prior acts of uncharged misconduct. Spear's prior acts were admissible as evidence of a common scheme or plan to make the two young girls accept sexual touching between family members as normal so as to facilitate his abuse of them. The charged acts involving each girl were cross admissible for the same reason. We affirm.

The State charged Spear with two counts of first degree child rape and one count of first degree child molestation. The alleged victim of the rape charges was Spear's daughter, JN. The alleged victim of the molestation charge was C, Spear's niece.

JN was 12 at the time of trial. Until she was 10, JN lived with her father, grandparents, and two brothers in Maple Valley. She shared a bedroom with Spear. Witnesses testified that JN and her father often slept in the same bed and watched TV together in bed.

JN testified that her father raped her in the Maple Valley house "at least two times." She was able to recall details of only one incident: they were in her bedroom, in bed, and Spear took off her pants and underwear and inserted his penis in her vagina. JN testified that Spear raped her again later, after she had moved to California to live with her mother. On this occasion, JN visited Spear at a truck stop and he had vaginal intercourse with her in the back of his truck.

JN's older brother, J, testified that when Spear was visiting the children in North Fork, California, he observed his father in bed with JN. He saw that JN was naked and Spear had no pants on. Spear told J to take his pants off and perform sex acts on JN. Spear told him that "people have sexual relationships with their siblings all the time." J saw Spear put his penis in JN's mouth during this incident.

Spear's niece, C, was 16 at the time of trial. As a child, she had often visited the Maple Valley house when Spear and his children lived there. C testified that when she was 5 or 6 years old, Spear removed her pants and underwear and started talking about her vagina. At one point, he touched her vagina and told her that when she got older "this part, when you rub it, will feel good." She said that when she was around 11 or 12, Spear often suggested she

get naked. He would make comments about her breasts and sometimes squeezed them.

Spear's son testified that he once witnessed Spear sitting on a futon while C stood in front of him with her pants down. Spear pointed out different parts of C's body. He and C both testified about a time when Spear had the children play a game of "Truth or Dare," during which he dared them to run around naked and dared J to put his mouth on C's vagina.

At the close of the State's evidence, the trial court granted the State's motion to dismiss one of the rape counts involving JN.

Spear testified. He denied having sexual contact with JN and C.

The jury convicted Spear as charged. He was sentenced to 160 months of confinement.

On appeal, Spear contends the rape and molestation charges should have been tried separately. He brought two unsuccessful motions to sever, one before trial and one at the close of the State's evidence. We review the trial court's denial of these motions for an abuse of discretion. State v. Kalakosky, 121 Wn.2d 525, 536-37, 852 P.2d 1064 (1993).

Offenses that are properly joined may be severed if the trial court determines that severance will promote a fair determination of the defendant's guilt or innocence of each offense. CrR 4.4(b); State v. Bythrow, 114 Wn.2d 713, 717, 790 P.2d 154 (1990). A defendant must demonstrate that "a trial involving both counts would be so manifestly prejudicial as to outweigh the concern for judicial economy." Bythrow, 114 Wn.2d at 718. Severance is important when

3

there is a risk that the jury will use evidence of one crime to infer the defendant's guilt for another crime or to infer a general criminal disposition. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). Joinder can be particularly prejudicial when the alleged crimes are sexual in nature. Sutherby, 165 Wn.2d at 884.

In determining whether to sever charges, a court considers: the admissibility of evidence of the other charges even if not joined for trial, the strength of the State's evidence on each count, the court's instructions to the jury to consider each count separately, and the clarity of defenses as to each count. Sutherby, 165 Wn.2d at 884-85. Spear contends that the first three factors support severance. He does not make an issue of the fourth factor, as his defense to both charges was the same: a general denial.

Cross admissibility of the evidence supporting each charge is the most significant factor in this case. Spear argues that under ER 404(b), evidence that he raped JN would not have been admissible in a separate trial involving his alleged molestation of C and vice versa. He contends the only relevance was to show he had a general propensity to commit sex offenses against children.

ER 404(b) bars propensity evidence, that is, evidence of other crimes, wrongs, or acts intended to prove a person's character and show the person acted in conformity with that character. State v. Gresham, 173 Wn.2d 405, 420, 269 P.3d 207 (2012). But evidence of other crimes, wrongs, or acts is admissible for different purposes, including as proof of a common plan or scheme. ER 404(b); Sutherby, 165 Wn.2d at 887.

4

One fact pattern in which evidence is admissible to show a common plan or scheme is when an individual devises a plan and uses it repeatedly to perpetrate separate but very similar crimes. Gresham, 173 Wn.2d at 421-22. The prior act and charged crime must be markedly and substantially similar, but the commonality need not be a unique method of committing the crime. Gresham, 173 Wn.2d at 422, citing State v. DeVincentis, 150 Wn.2d 11, 19-21, 74 P.3d 119 (2003).

In ruling on the severance issue, the trial court found that evidence involving each complaining witness showed a common plan or scheme. This determination was consistent with DeVincentis and similar cases, a line of precedent that Spear does not acknowledge or distinguish. Spear's conduct with his daughter and with his niece had common features. Both victims were young girls when the abuse began. Both were Spear's family members, and Spear involved his son in the sexual touching as well. Spear's conduct manifested a scheme to get the children to accept nudity and intimate touching and sexual activity between family members as normal for the family although something to be kept secret from others. A rational trier of fact could find that Spear acted on a plan to groom children he already had a close and trusting relationship with, over an extended period of time, so that he could create opportunities to have sexual contact with them. See DeVincentis, 150 Wn.3d at 22; State v. Krause, 82 Wn. App. 688, 694-95, 919 P.2d 123 (1996), review denied, 131 Wn.2d 1007 (1997). The fact that this plan led to different results, insofar as Spear was

charged with raping JN and molesting C, does not disprove that he used a common plan to get to those results.

Because the evidence for both charges was cross admissible under ER 404(b), the first factor supports the trial court's decision to deny severance. We briefly review the other severance factors.

The second factor is whether the strength of the State's evidence was comparable for each count. JN testified that Spear raped her. C testified that Spear molested her. The girls' accounts were supported by other witnesses who testified that Spear engaged in regular, intimate contact with both girls. Spear denied having sexual contact with either girl. The jury's determination thus came down to an assessment of witness credibility. Because the State's evidence was of comparable strength for each count, this factor did not favor severance.

The trial court satisfied the third factor instructing the jury to consider each count separately: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." Spear contends this instruction was inadequate because it did not inform the jury that evidence of one crime could not be used to decide guilt for a separate crime. Cf. Sutherby, 165 Wn.2d at 885-86. This case is like DeVincentis, not like Sutherby. Under the circumstances of this case, with the evidence cross admissible to prove a common scheme or plan, an instruction phrased as Spear proposes would not have been correct.

When evidence of a defendant's other misconduct is admitted, the defendant is entitled to a limiting instruction stating that the evidence may not be

used for the purpose of concluding that the defendant has a criminal propensity. Gresham, 173 Wn.2d at 423-24. But Spear did not request a limiting instruction, and the court was not required to give one sua sponte. Gresham, 173 Wn.2d at 214 n.2.

In sum, Spear did not demonstrate that trying both counts together "would be so manifestly prejudicial as to outweigh the concern for judicial economy." The trial court did not abuse its discretion by denying severance.

Spear separately challenges the trial court's admission of evidence related to three specific events: the truth or dare incident, the truck stop incident, and the North Fork incident. These incidents did not form the bases for the charges against Spear. They are instances of other alleged misconduct, and therefore admission of the evidence must satisfy ER 404(b).

We find no abuse of discretion in the admission of evidence about the truck stop, truth or dare, and North Fork incidents. As discussed above, the evidence tends to show a common scheme, relevant to proving the charged crimes by showing them to be manifestations of the common scheme.

The trial court admitted evidence of the truck stop and North Fork incidents on the additional basis that they demonstrated Spear's "lustful disposition" towards JN. Spear contends the evidence was irrelevant for that purpose and unduly prejudicial under State v. Dawkins, 71 Wn. App. 902, 863 P.2d 124 (1993). Given our conclusion that the evidence was admissible to show a common plan or scheme, we need not address whether it was also admissible to show lustful disposition.

Affirmed.

Becker, J.

WE CONCUR:

_____

Mann, J.