IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| STATE OF WASHINGTON, | No.  50264-0-II |
|---|---|
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| SKYLAR R. SMITH, | |
| Appellant. | |

BJORGEN, J. — Skylar Smith appeals from her unlawful possession of a controlled

substance conviction[1] and resulting sentence, asserting that (1) her trial counsel was ineffective

for failing to raise a chain of custody objection to the admission of certain evidence, (2) the State

presented insufficient evidence in support of her unlawful possession of a controlled substance

conviction, and (3) the trial court erred by imposing discretionary legal financial obligations

(LFOs) absent an adequate inquiry of her ability to pay.  We affirm Smith's convictions and

accept the State's concession that the trial court erred by imposing discretionary LFOs absent an

---

[1] In her brief, Smith appears to challenge her third degree theft conviction.  However, Smith does not raise any issues or provide any argument challenging that conviction.  Therefore, if she intended to appeal her third degree theft conviction, that appeal is waived.  *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

adequate inquiry of Smith's ability to pay. Accordingly, we remand for resentencing solely on the issue of discretionary LFOs.

## FACTS

On January 12, 2017, Walmart Asset Protection associate Sarah Lupio saw Smith place merchandise in a reusable bag and leave the store without paying for the items. Smith agreed to come back into the store after Lupio confronted her. Lupio retrieved the merchandise from Smith, which was valued at $104.64.

Chehalis Police Officer Samantha Thayer arrived at the Walmart and arrested Smith. Thayer searched Smith's purse and found a small pouch containing hypodermic needles and a small plastic baggie with a brown tar-like substance that field tested positive for heroin.[2] Thayer transported Smith to the Lewis County Jail.

Deputy Corrections Officer Julia Frank strip searched Smith and found a plastic baggie containing a brown substance stuck to Smith's breast. Smith told Frank, "I forgot about that. That's all I have." Report of Proceedings (RP) (Apr. 11, 2017) at 75. Frank placed the baggie in her locked gun locker. There was no other evidence in the gun locker at the time. Apart from Frank's supervisors, Frank was the only person with access to her gun locker.

Officer Thayer returned to the jail to take the baggie found on Smith's person. Frank retrieved the baggie from her locker but could not specifically remember handing it to Thayer. Thayer remembered meeting with Frank at the jail, and remembered Frank taking her to the gun locker, unlocking it with a key, and handing her the baggie containing a brown, tar-like

---

[2] A subsequent test for the presence of heroin in Smith's purse by the Washington State Patrol Crime Lab returned a negative result.

substance. Thayer did not document in her police reports that she had retrieved the baggie from Frank at the jail.

Thayer placed the baggie obtained from the jail in a plastic evidence bag, then sealed it, and labeled it with the case number and her signature. The baggie, later admitted at trial as exhibit 3, was sent to the Washington State Patrol Crime Lab, where its contents tested positive for the presence of heroin.

The State charged Smith with unlawful possession of a controlled substance and third degree theft. The matter proceeded to a bench trial. At trial, witnesses testified consistently with the facts as stated above. Additionally, Deborah Price, a Washington State Patrol Crime Lab forensic scientist, testified that exhibit 3 had originally been sent to the Vancouver crime laboratory before being transferred to the Tacoma crime laboratory via FedEx. Price testified that there were no indications that exhibit 3 had been opened or tampered with before she had unsealed it to perform testing. After conducting testing on the contents of the baggie contained in exhibit 3, Price resealed the evidence bag with tape and placed her signature on the tape. Price then sent the exhibit back to the Chehalis Police Department via UPS (United Parcel Service). When examining the exhibit at trial, Price testified that there was no indication that it had been opened or tampered with after she had resealed it. Smith did not object to the admission of exhibit 3.

The trial court found Smith guilty of unlawful possession of a controlled substance—heroin, and third degree theft, and it entered findings of fact and conclusions of law in support of its verdicts. At sentencing, the trial court inquired about Smith's ability to work while not in custody, what type of work she had done in the past, and whether she had any physical

impairments that would prevent her from working. The trial court did not inquire about Smith's current assets or debts. The trial court thereafter imposed $1,800 in discretionary LFOs, which included a $700 court appointed attorney fee, $1,000 fine for violation of the Uniform Controlled Substances Act, chapter 69.50 RCW (VUSCA) fine, and $100 crime lab fee. Smith appeals.

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Smith first contends that her trial counsel was ineffective for failing to object to the admission of exhibit 3 on the ground that the State failed to establish chain of custody. We disagree.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To demonstrate ineffective assistance of counsel, Smith must show both (1) that defense counsel's conduct was deficient, and (2) that the deficient performance resulted in prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Performance is deficient if it falls below an objective standard of reasonableness. *In re Det. of Moore*, 167 Wn.2d 113, 122, 216 P.3d 1015 (2009). Prejudice occurs where there is a reasonable probability that, but for the deficient performance, the outcome of the proceedings would have been different. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). We need "not address both prongs of the ineffective assistance test if the defendant's showing on one prong is insufficient." *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Before a trial court admits evidence, the proponent must authenticate or identify it "to support a finding that the matter in question is what its proponent claims." ER 901(a). The

4

chain of custody must show that it is improbable that the evidence has either been contaminated or tampered with. *State v. Roche*, 114 Wn. App. 424, 436, 59 P.3d 682 (2002). Factors to be considered in determining whether evidence has been sufficiently authenticated "'include the nature of the article, the circumstances surrounding the preservation and custody of it, and the likelihood of intermeddlers tampering with it.'" *State v. Campbell*, 103 Wn.2d 1, 21, 691 P.2d 929 (1984) (quoting *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960)). However, "[t]he proponent need not identify the evidence with absolute certainty and eliminate every possibility of alteration or substitution." *Campbell*, 103 Wn.2d at 21. Instead, minor discrepancies regarding the chain of custody affect only the weight of the evidence, not its admissibility. *Campbell*, 103 Wn.2d at 21.

If a claim of ineffective assistance is based on a failure to object, the defendant must show that the objection would have been successful. *State v. Gerdts*, 136 Wn. App. 720, 727, 150 P.3d 627 (2007). Additionally, where the appellant claims ineffective assistance based on his trial counsel's failure to object, the appellant must also show that such an objection, if made, would have been successful in order to establish deficient performance. *Gerdts*, 136 Wn. App. at 727. Smith cannot demonstrate prejudice in supporting her ineffective assistance of counsel claim because a chain of custody objection would not have been successful. The State presented testimony sufficient for a reasonable fact finder to find that exhibit 3 was the same baggie containing suspected narcotics that Frank found on Smith's person during the search at the jail. Frank testified that she took the baggie from Smith and secured it in her locked gun locker. Thayer testified that Frank unlocked the gun locker and handed her the baggie. Thayer also testified that she had placed the baggie retrieved from the jail in an evidence bag that she then sealed and labeled, after which it was sent to the Washington State Patrol Crime Laboratory.

Price testified that she received the evidence bag after it was first sent to the Vancouver crime lab and then sent to the Tacoma crime lab via FedEx. Price stated that evidence custodians at the crime lab check that items received have intact seals. Price further testified that she cut open the seal on the evidence bag and later resealed it and signed over the seal. When examining the evidence bag at trial, Price stated that there was no indication that it had been opened or tampered with.

Taken together, the above testimony was sufficient to establish that exhibit 3 consisted of the same evidence taken from Smith at the jail and that it was improbable that the contents of exhibit 3 had been tampered with. Although Smith identifies uncertainties in the chain of custody, such as potential supervisor access to Frank's locked gun locker, Frank not specifically remembering handing the baggie to Thayer, and a lack of testimony regarding exhibit 3's transfer from the Vancouver crime lab to the Tacoma crime lab, these uncertainties concern the weight of the evidence and not its admissibility. Accordingly, Smith cannot show the requisite prejudice to support her ineffective assistance of counsel claim.

## II. SUFFICIENCY OF THE EVIDENCE

Next, Smith contends that the State failed to present sufficient evidence to support her unlawful possession of a controlled substance conviction. Again, we disagree.

When reviewing the sufficiency of evidence in support of a conviction, "we view the evidence in the light most favorable to the prosecution and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt." *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). Following a bench trial, we review "whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *Homan*, 181 Wn.2d at 105-06. Substantial evidence is "evidence sufficient

to persuade a fair-minded person of the truth of the asserted premise." *Homan*, 181 Wn.2d at 106. Unchallenged findings are verities on appeal. *Homan*, 181 Wn.2d at 106. We treat circumstantial evidence and direct evidence as equally reliable when determining whether sufficient evidence supported a conviction. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010).

To convict Smith of unlawful possession of a controlled substance, the State had to prove beyond a reasonable doubt that Smith (1) possessed (2) a controlled substance. RCW 69.50.4013(1). Smith argues that the State failed to meet its burden because it did not present evidence that "the substance that tested positive for heroin was the same substance found on Smith at the jail." Br. of Appellant at 10. In this regard, Smith assigns error to the trial court's finding of fact 1.18, which states, "Deputy Frank took the plastic bag out of the secure gun locker and gave it to Officer Thayer" and finding of fact 1.22, which states, "The evidence bag was sent to the Washington State Patrol Crime Laboratory for testing." Clerk's Papers (CP) at 17.

Substantial evidence clearly supports these findings, since Thayer testified that Frank handed her the plastic bag after removing it from the secure gun locker, after which she placed the baggie in an evidence bag before it was sent to the crime lab. Those findings, together with the trial court's unchallenged findings of fact, support the trial court's conclusion that Smith was guilty of unlawful possession of a controlled substance. Accordingly, Smith's sufficiency challenge lacks merit, and we affirm her unlawful possession of a controlled substance conviction.

### III. LFOs

Finally, Smith contends that the trial court erred by imposing discretionary LFOs absent a sufficient inquiry into her ability to pay. In response, the State concedes error. We accept the State's concession and remand for resentencing solely on the issue of discretionary LFOs, at which the trial court is directed to comply with House Bill 1783, Laws of 2018, chapter 269, and *State v. Ramirez*, No. 95249-3, 2018 WL 4499761 (Wash. Sept. 20, 2018), before imposing any discretionary LFOs.

Pursuant to *Ramirez*, and *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), a trial court must make "an individualized inquiry into the defendant's current and future ability to pay" before imposing discretionary LFOs. *Blazina*, 182 Wn.2d at 838. In *Ramirez*, the court noted that (1) employment history, (2) income, (3) assets and other financial resources, (4) monthly living expenses, and (5) other debts are relevant to determining a defendant's ability to pay discretionary LFOs. 2018 WL 4499761, at *5. The court then held that "[t]o satisfy *Blazina* and RCW 10.01.160(3)'s mandate that the State cannot collect costs from defendants who are unable to pay, the record must reflect that the trial court inquired into all five of these categories before deciding to impose discretionary costs." *Id.*

Here, the trial court inquired about Smith's ability to work while not in custody, what type of work she had done in the past, and whether she had any physical impairments that would prevent her from working. It did not, however, make any inquiry regarding Smith's current assets, debts, or any other required factor under *Ramirez* before determining that she had the ability to pay discretionary LFOs. Therefore, we accept the State's concession that the trial court erred by imposing discretionary LFOs absent the required inquiry.[3] Accordingly, we affirm

---

[3] We point the trial court to recent amendments to former RCW 10.01.160.

No. 50264-0-II

Smith's conviction but remand for resentencing solely on the discretionary LFO issue consistently with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, J.

We concur:

Lee, A.C.J.

Melnick, J.