**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　Respondent,<br><br>　　　v.<br><br>HENRY NELSON WILLIAMS,<br><br>　　　　　　Appellant. | No. 86274-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Henry Williams appeals his conviction for attempting to elude a pursuing police vehicle with aggravating circumstances. He argues that the trial court erred when it denied suppression of identification evidence, and that his counsel was ineffective for failing to move pretrial to exclude any reference to booking photos. We affirm.

I

On December 6, 2022, Arlington Reserve Police Officer Jeremy Stocker was on patrol in a marked patrol vehicle when he was dispatched to a report of a black Ford Taurus stopped in the roadway. Officer Stocker stopped next to the Taurus and activated his emergency lights.

Officer Stocker approached the vehicle and used a handheld flashlight to look into the driver seat's window. Through the darkly tinted window, Officer Stocker observed an individual in the car with his head back and his mouth open, but he did not recognize the individual. Officer Stocker testified that he could see an outline of a tattoo on the individual's neck that appeared to be an outline of a feather and noticed the features of the driver's lips. Officer Stocker testified that he looked at the driver for about 5 to 10 seconds.

The driver then woke up and looked at Officer Stocker, who asked the driver to roll down the window. The driver did not roll down the window and drove away. Officers followed but eventually ended the pursuit.

About 45 minutes after this encounter, Detective Mike Phillips sent Officer Stocker the name of Henry Williams to see if he was the person in the vehicle. Detective Phillips had retrieved Williams's name after Tulalip Tribal Police Sergeant Jeremy Mooring contacted the owner of the Taurus and informed Detective Phillips that Williams purchased the car two days earlier. Officer Stocker viewed Williams's Department of Licensing photo and booking photo and stated that he was 100 percent confident Williams was the driver of the vehicle.

The State charged Williams with attempting to elude a pursuing police vehicle with aggravating circumstances.

Williams moved pretrial to suppress Officer Stocker's identification of him. After hearing testimony from Officer Stocker, the trial court concluded that the identification procedure was unnecessarily suggestive because Detective Phillips provided Williams's name and date of birth without any other identification procedure. After considering the

factors in State v. Derri, 199 Wn.2d 658, 511 P.3d 1267 (2022), the trial court concluded that the identification was still reliable and denied suppression.

A jury convicted Williams as charged. Williams appeals.

II

Williams argues that the trial court erred when it denied suppression of Officer Stocker's identification of him. We disagree.

A

The due process clause of the Fourteenth Amendment of the United States Constitution bars identification evidence obtained through unnecessarily suggestive police procedures, unless the evidence is reliable under the totality of the circumstances. U.S. CONST. amend. XIV, § 1; Manson v. Brathwaite, 432 U.S. 98, 113, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977). The defendant bears the burden to establish by a preponderance of evidence that the police administered identification procedure was unnecessarily suggestive. Derri, 199 Wn.2d at 674. If the defendant demonstrates that the procedure was unnecessarily suggestive, the court must determine whether the identification possesses sufficient aspects of reliability or if there is a substantial likelihood of misidentification. Derri, 199 Wn.2d at 674. The court considers five factors in determining the reliability of the identification:

> (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated at the procedure, and (5) the time between the crime and the identification procedure

Derri, 199 Wn.2d at 674.

We review the trial court's findings of fact in a suppression motion for "substantial evidence." State v. Garvin, 166 Wn.2d 242, 249, 207 P.3d 1266 (2009). Evidence is "substantial" when it is sufficient "to persuade a fair-minded person of the truth of the stated premise." Garvin, 166 Wn.2d at 249. We review conclusions of law de novo. Garvin, 166 Wn.2d at 249.

B

The trial court concluded that the identification procedure was unnecessarily suggestive, which neither party objected to at trial. Therefore, we only address the reliability factors under Derri.

First, the trial court concluded that the opportunity to view factor weighed in favor of reliability because of Officer Stocker's ability to view Williams at close range for at least five seconds. Williams argues this factor weighs against reliability because it was a limited duration and the tinted windows impaired visibility. We disagree.

Officer Stocker testified that he saw the driver for 5 to 10 seconds. This duration is limited, but he was observing the driver directly through the window and used a flashlight to look inside the driver's side window. Further, Officer Stocker was concerned about whether Williams was breathing, and therefore was paying attention to Williams's appearance. Substantial evidence supports this finding.

Second, the trial court concluded that Officer Stocker's attention and focus on Williams weighs in favor of reliability. We agree. Officer Stocker stated that he was concerned about a possible medical issue. Office Stocker was focused on Williams and how he appeared. Substantial evidence supports the trial court's finding.

-4-

Third, the trial court concluded that the absence of prior identification weighs against reliability. We agree. Officer Stocker did not provide a description of the driver prior to receiving Williams's name from Detective Phillips.

Fourth, the trial court concluded the high level of certainty by Officer Stocker weighed in favor of reliability. Williams asserts that although Officer Stocker testified that he had 100 percent certainty in his identification, the trial court erred in weighing that factor in favor of reliability because his certainty followed a highly suggestive police procedure. We disagree.

The defense correctly notes that the court in Derri explained that "high levels of witness certainty should be given less weight . . . where it has already been determined that the procedure employed was suggestive." 199 Wn.2d at 688. But that does not mean the factor should be given no weight. Accordingly, while this factor should be given less weight, it nonetheless favors reliability.

Fifth, the trial court concluded that the relatively short period of time between the crime and identification procedure, along with the distinctiveness of the tattoo, weigh in favor of reliability. We agree. The time between the crime and the identification was 45 minutes. Although no time is required, several courts have found more than a day between can still be reliable. See Derri 199 Wn.2d at 690 (concluding that identifications made one day and nine days after the crime did not weigh against reliability); Brathwaite, 432 U.S. at 116 (concluding identification two days later weighed in favor of reliability). Therefore, substantial evidence supports the trial court's finding.

Based on these factors, the identification procedure was reliable and not substantially likely to result in irreparable misidentification. Thus, the trial court did not err in denying suppression.

III

Williams argues that defense counsel was ineffective for failing to move pretrial to exclude any mention of booking photos. We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; State v. Grier, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011). To prevail on an ineffective assistance of counsel claim, the defendant must show both that defense counsel's representation was deficient and that the deficient representation prejudiced the defendant. Grier, 171 Wn.2d at 32-33. Failure to establish either prong is fatal to an ineffective assistance of counsel claim. Strickland v. Washington, 466 U.S. 668, 700, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A claim of ineffective assistance of counsel presents a mixed question of law and fact and is reviewed de novo. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d. 916 (2009).

An attorney acts deficiently if their conduct falls "'below an objective standard of reasonableness.'" Grier, 171 Wn.2d at 33 (quoting Strickland, 466 U.S. at 688). The defendant must show that any errors made were "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." State v. Fortun-Cebada, 158 Wn. App. 158, 167, 241 P.3d 800 (2010) (quoting Strickland, 466 U.S. at 688). The reasonableness inquiry presumes effective representation and

requires the defendant to show the absence of legitimate strategic or tactical reasons for the challenged conduct. State v. McFarland, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995). The competency of defense counsel is determined based on the entire record below. McFarland, 127 Wn.2d at 335.

During Officer Stocker's testimony on direct examination, he testified that he first looked at Williams's driver license photo and "[t]hen [he] looked at booking photos." The defense promptly objected citing ER 403. The State responded that it had no issue with the Court sustaining the objection, and did not intentionally elicit the testimony about the booking photos. The trial court offered to strike the testimony or to provide an instruction to the jury, but the defense did not exercise either option.

Williams cannot establish either prong of the Strickland analysis. First, defense counsel made a timely objection the moment booking photos were mentioned. The State said that it did not intend to elicit that testimony, so defense counsel may have legitimately believed that a pretrial motion was not necessary. Second, Williams cannot prove that the single mention of a booking photo resulted in prejudice.

We affirm.

_____Mann, J._____

WE CONCUR:

_____Díaz, J._____          _____

-7-